UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| GAIL YANGAS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-01311-MMD-CWH |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| K2M, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' Joint Emergency Motion to Amend Discovery/Scheduling Order Dates (#11), filed September 11, 2012.

**1. Emergency Motion to Extend**

The Court has reviewed the motion. It is neither an emergency nor an appropriate request for an extension. The parties appear to offer two reasons for the "emergency" designation: (1) relief may not be obtained prior to the October 23, 2012 deadline to amend the pleadings, and (2) the parties will suffer incurable harm if the current discovery deadlines are not extended. Neither of these reasons supports the "emergency" designation. Motions to extend are commonplace and, generally, reviewed and ruled upon quickly. For example, in this case the initial order on the parties' proposed discovery plan was ruled on in less than 24 hours. More importantly, the applicable standard under which a request is reviewed is determined by the timeliness in which the request is made, not the time it may take the Court to address the request. *See* Local Rule ("LR") 26-4.

The parties assertion that they will suffer incurable harm if the deadlines are not extended

1  is equally unconvincing and underscores the Court's finding that this motion is not an
2  appropriate request for an extension.  The parties suggest that the anticipation that they will not
3  be able to complete discovery within the current discovery deadlines somehow supports a finding
4  of good cause for an extension.  It does not.  As the parties correctly note, the "good cause
5  standard primarily considers the diligence of the party seeking the extension." *Johnson v.*
6  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, the parties have not
7  engaged in <u>any</u> discovery.  Thus, if the Court were to make a finding based on diligence, it would
8  have no choice but to deny the request because the parties have not yet pursued discovery.

**2.  Motion for Reconsideration**

In an attempt to justify their failure to comply with LR 26-1(d) by providing sufficient detail supporting the initially requested extended discovery deadlines, the parties failed to identify this motion for what it actually is – a motion for reconsideration.  While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  A court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

None of these conditions exist.  In support of the the motion, the parties, for the first time, provide a detailed synopsis of the anticipated discovery needs in this case.  The parties were fully aware of the potential discovery needs of this case when the initial proposed discovery plan (#9) was filed and did not provide it, saying only that "this case is a complex products liability case involving an out of state defendant."  Nevertheless, given the courts broad discretionary power to

control discovery, s*ee e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), the Court will extend the deadlines in this case by 90 days.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the parties' Joint Emergency Motion to Amend Discovery/Scheduling Order Dates (#11) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the following Scheduling Order:

| | | |
|---|---|---|
| 1. | Discovery cutoff | **April 22, 2013** |
| 2. | Motions to amend pleadings and add parties | **January 22, 2013** |
| 3. | Expert designations | **February 21, 2013** |
| 4. | Rebuttal expert designations | **March 25, 2013** |
| 5. | Interim status report | **February 21, 2013** |
| 6. | Dispositive motions | **May 22, 2013** |

**IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of good cause as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery or at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

    a. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    b. A specific description of the discovery which remains to be completed;

    c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

    d. A proposed schedule for the completion of all remaining discovery.

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by **June 21, 2013**. If dispositive motions are filed, then the parties shall file a written,

1  joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said
2  dispositive motions.
3         DATED this 13th day of September, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge